**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Frank O. CULY, Jr., Defendant-Appellant.**

**No. 85–1171.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 1986.[*]

Decided May 30, 1986.

---

[*] The panel is unanimously of the opinion that oral argument is not required in this case. Fed. R.App.P. 34(a); 9th Cir.R. 3(f).

Maxine Auerbach, Sp. Agent, Sacramento, Cal., for plaintiff-appellee.

Sandra Gillies, Asst. Federal Public Defender, Sacramento, Cal., for defendant-appellant.

Before KENNEDY, BOOCHEVER and WIGGINS, Circuit Judges.

KENNEDY, Circuit Judge:

Frank Culy appeals after a jury convicted him on two counts under a federal statute prohibiting interference with agents of the National Labor Relations Board (NLRB) in the performance of their duties. 29 U.S.C. § 162 (1982). We affirm the convictions.

Culy makes two arguments, neither of which has merit. He seems to claim there is no violation of the statute unless the federal agent is prevented from performing his duties. He claims also that he was confused over the scope of the court order the agents attempted to enforce and that the trial judge erred in refusing to admit his testimony on that point and in refusing to instruct the jury that a misunderstanding of the order was a defense to the charge. We reject these contentions.

The convictions stem from two incidents on the same day. Taking the evidence in the light most favorable to the government, the facts are as follows. Three NLRB agents arrived at Culy's business premises to inspect certain documents, pursuant to court order. There was a controversy regarding the meaning of the court order, and Culy became angry and abusive. He jabbed one of the agents several times in the chest. As a result, the agents left the premises without having inspected the documents.

The agents returned later in the day, and Culy repeated the abusive remarks and his chest-jabbing performance, with certain additions. Culy rushed one of the agents, shoved him against the wall, and insisted that none of the agents could leave until the terms of the order were clarified. At one point, Culy slammed the door and announced that no one could leave until the matter was settled. The agents left the premises.

The statute in question provides:

Any person who shall willfully resist, prevent, impede, or interfere with any member of the Board or any of its agents or agencies in the performance of duties pursuant to this subchapter shall be punished by a fine of not more than $5,000 or by imprisonment for not more than one year, or both.

29 U.S.C. § 162.

Culy's first argument is that the statute requires the government to prove that the defendant actually prevented NLRB agents from performing their duties. The government is not required to show that a defendant was successful in

deterring an agent from his duties to prove an offense under this section. The statutory prohibition runs against one who shall "resist," "impede," or "interfere" with an agent, and these words suffice to cover wrongful acts directed against the protected officials, whether or not they are ultimately successful in performing their duties. The term "prevent" in itself, moreover, includes a temporary or abortive obstruction, and a defendant is liable for preventing an official from performing his duties under the statute if the defendant takes any action to retard the official in the prompt execution of his duties, so long as such acts are willful and done with criminal intent. The statute protects agents, as well as the agents' duties. One who willfully commits the prohibited acts against the agent is liable whether or not he is successful in preventing performance.

■ Culy's second argument is that the trial court erred in refusing to permit him to testify that he was confused over the scope of the court order the agents were trying to enforce. The trial judge was correct in excluding such testimony. Culy was charged with willfully interfering with the agents, not with willfully violating the court order. The jury found that Culy intentionally assaulted at least one of the agents, and Culy does not challenge that finding. It is not disputed that Culy's blocking the door was a deliberate act to prevent the agents from leaving the premises. Culy knew the officers were NLRB agents and knew they were acting pursuant to a court order. The evil purpose and knowledge of wrong implicit in the requirement of willfulness, *see United States v. Armstrong*, 781 F.2d 700, 706 (9th Cir. 1986) (knowledge of wrong); *United States v. Garcia*, 751 F.2d 1033, 1035 (9th Cir. 1985) (per curiam) (evil purpose), were shown here by ample evidence. Since Culy's misunderstanding of the order was not relevant to the issue of willfulness under 29 U.S.C. § 162, the district court did not err in excluding such evidence or in instructing the jury that the defendant's misapprehension as to the scope of the order provided no defense.

If Culy did not understand the scope of the court order, the appropriate remedy was to ask for judicial clarification. He was not entitled as a result of his confusion to hinder agents in the performance of their duties as they understood those duties.

The convictions are AFFIRMED.